**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

Dorothy Manning Taylor
Assistant United States Attorney

Hale Boggs Federal Building
500B Poydras Street, Second Floor
New Orleans, LA   70130

Telephone: (504) 680-3083
Fax: (504) 589-4510

October 5, 2006

Robert N. Habans, Jr.
Habans & Carriere
10843 N. Oak Hills Pkwy
Baton Rouge, LA  70810

     Re:  <u>United States v. CJS Environmental Services, L.L.C. d/b/a Johnny Pots</u>

Dear Mr. Habans:

     In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement which was reached between the Government and CJS Environmental Services, L.L.C. d/b/a Johnny Pots (The Company), the defendant in the above-captioned proceeding.  As defendant's counsel, you have reviewed the terms of this agreement and has been advised by The Company that The Company fully understands the terms of this agreement.  The Company by resolution attached hereto has authorized you to enter into this plea agreement.  Additionally, The Company has agreed to sign the waiver of indictment attached hereto.

     The Company understands that the maximum penalty it faces for violation of the Clean Water Act, Title 33, United States Code, §1319(c)(2)(B), is a fine not less than $5,000 nor more than $50,000 per day.

     It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and The Company agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

     Further, The Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing.  Failure to pay this special assessment may result in the plea agreement being void.

___ Fee_____
___ Process___
 X  Dktd_____
___ CtRmDep__
___ Doc. No.__

Robert N. Habans, Jr.
Page -2-
October 5, 2006

       Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and The Company, the Government and The Company agree and stipulate to the following plea and sentence applicable to this case:

(1)    The Company shall plead guilty to the one count Bill of Information charging The Company with a felony violation of the Clean Water Act, 33 USC §1319(c)(2)(B), arising from The Company's failure to disclose to publicly owned treatment works (POTWs) the fact that the port- a- let waste it disposed at the POTWs occasionally included leachate waste which CJS knew, or should have known, had the potential to cause the POTWs to violate their permits, as more thoroughly described in the Factual Basis submitted herewith;

(2)    In exchange for The Company's guilty plea, the Government agrees that it will not bring any other charges against The Company or against related companion entities that operate out of the same offices and at the same site (including Slidell Landfill, L.L.C., Coastal Waste Services, Inc., Paris Property, L.L.C., CJS Real Estate, L.L.C., Marlstone Properties, L.L.C., CFW, Jr., L.L.C. d/b/a Kidz Klub House, Pearl River Transport, Inc., and The Testamentary Trust of Johnny Smith) their owners, directors, officers, and employees, arising from or related to any and all conduct known to the Government, in the Eastern District of Louisiana, at the time of this plea agreement, including the activities described in paragraph (1) and more specifically set forth in the Factual Basis;

(3)    The Company shall be placed on probation for a term of three (3) years;

(4)    Since the beginning of this criminal investigation and prosecution, The Company and its related companion entities have implemented measures to ensure that environmental laws are properly followed. To that end, The Company and its related companion entities have expended approximately $1,500,000. Based upon these expenditures and corrective actions prior to the signing of this plea agreement, the Government agrees to accept

Robert N. Habans, Jr.
Page -3-
October 5, 2006

        $500,000 as an appropriate punitive fine amount;

(5) The fine shall be paid in full within thirty days of the date of sentencing.

(6) The Company shall also pay a mandatory special assessment fee of $400.00 under the provisions of 18 USC 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

(7) In addition to the fine stated above, on the date of sentencing, The Company will contribute $100,000 as follows: $50,000 to the Louisiana State Police Right to Know Fund, which money pays for, among other things, State Police first responders' equipment and the Louisiana State Police hot line and $50,000 to the Southern Environmental Enforcement Network Enforcement Training Fund, which money pays for environmental training to all law enforcement.

  The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of the plea agreement, The Company has the right to withdraw the guilty plea.

  Except as otherwise provided in this paragraph, The Company hereby expressly waives the right to appeal this sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on The Company, and The Company further agrees not to contest this sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The Company, however, reserves the right to appeal any sentence imposed that does not comply with the above stipulated sentence.

  The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and The Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

  Further, The Company understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not

Robert N. Habans, Jr.
Page -4-
October 5, 2006

bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

The stated $500,000 fine and $100,000 in contributions is the total amount to be paid by The Company pursuant to the guilty plea and no other fine/restitution shall be applicable in this case. The Company agrees that the fine and restitution will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

The Company understands that the statements set forth above and the factual basis to be filed in the record represent defendant's entire agreement with the Government in the Eastern District of Louisiana and that there are no other agreements, letters or notations that will affect this agreement.

Very truly yours,

DOROTHY MANNING TAYLOR
Assistant United States Attorney

CJS ENVIRONMENTAL SERVICES, L.L.C.
d/b/a Johnny Pots

By: _____       11-01-06
Chris Jean, Chief Executive Officer            Date

_____            11-01-06
ROBERT N. HABANS, JR.                      Date
Attorney for defendant